## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------

JOSEPHY CEASAR                          :
506 E. Penn Street                      :
Philadelphia, PA 19144                  :        CIVIL ACTION NO. _____
                                        :
            Plaintiff,                  :        **JURY TRIAL DEMANDED**
                                        :
        v.                              :
                                        :
GREENUP CONSTRUCTION &                  :
MAINTENANCE, INC.                       :
530 Walnut Street, Ste. 998             :
Philadelphia, PA 19106                  :
                                        :
            Defendant.                  :

---------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Josephy Ceasar ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against Defendant, GreenUP Construction & Maintenance, Inc, ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

### PARTIES

2.      Plaintiff Josephy Caesar is a citizen of the United States and Pennsylvania, and currently maintains a residence at 506 E. Penn Street, Philadelphia, PA 19144.

1

3. Defendant GreenUP Construction & Maintenance, Inc. is a corporation incorporated in the State of Pennsylvania, where it maintains its principal place of business at 530 Walnut Street, Ste. 998, Philadelphia, PA 19106.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendant.

## JURISDICTION AND VENUE

5. On or about January 17, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959 (a). Plaintiff's EEOC Charge was docketed as No: 530-2025-02927. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated May 13, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising that Plaintiff had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII").

9. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

11.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein and the unlawful practice of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL ALLEGATIONS

12.     Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13.     In or around April 2020, Defendant hired Plaintiff for the position of Field Technician.

14.     At all times material hereto, Plaintiff performed his job well, received occasional praise, and was subjected to no justifiable discipline.

15.     On or about July 2, 2024, Plaintiff was involved in a workplace injury while he was using an auger machine.

16.     Defendant had ordered Plaintiff to use the auger machine.

17.     The auger machine did not have a side handle and was thus not operationally safe.

18.     Both of Plaintiff's supervisors knew of the faulty/not operationally safe auger machine, but nonetheless still ordered Plaintiff to use the same.

19.     While Plaintiff was using the auger machine, he dug several holes and then hit a tree stump which caused the machine to likewise be hit.

20.     As a result, Plaintiff's hand and wrist were twisted and injured.

21.     Plaintiff reported his workplace injury.

3

22.     Defendant never asked Plaintiff if he was okay or needed any medical attention.

23.     Instead, Defendant stated this was Plaintiff's "fault," despite the fact that the auger machine was not operationally safe as discussed herein.

24.     Plaintiff's injury worsened and his pain became severe and swollen.

25.     Defendant demanded that Plaintiff continue to work and drive to visit other work sites using only one hand.

26.     Plaintiff went to the hospital on his to seek medical attention.

27.     Plaintiff subsequently went to a specialist to seek medical attention.

28.     Plaintiff learned that he suffered a severe sprain, which caused him severe pain and major limitations, including the ability to grasp and work.

29.     Plaintiff's workplace injury and the treatment he necessitated in connection thereto constitutes a disability within the meaning of the ADA/PHRA in that it substantially impaired one or more of Plaintiff's major life activities.

30.     After learning that Plaintiff sought medical attention, Defendant's behavior towards Plaintiff suddenly changed.

31.     Plaintiff attempted to communicate with Defendant's workers' compensation but would never receive any response or call back.

32.     Shortly thereafter, on or about July 29, 2024, Plaintiff was handed a write-up which alleged that Plaintiff committed a "safety violation."

33.     Plaintiff refused to sign the write-up as the basis for the same was not factually accurate.

34.     Thereafter, a meeting took place where after Plaintiff continued to push back on the write-up, Defendant concluded that the write-up was not even mentioned in Defendant's employee handbook and policy and thus, had no basis.

35.     Plaintiff contends that the aforementioned example illustrates the retaliation he faced after seeking medical attention as described herein.

36.     It became clearer to Plaintiff at or around this time period that Defendant was trying to pretextually discipline Plaintiff.

37.     Shortly thereafter, in or around mid-August 2024, Plaintiff utilized personal time off (PTO) which he accrued and was approved for by Defendant.

38.     Upon Plaintiff's return from his PTO, on or about August 22, 2024, Defendant suddenly terminated Plaintiff's employment.

39.     Upon information and belief, Defendant stated to Plaintiff that he was being terminating for missing time off from work.

40.     However, once again, Defendant's reason did make any factual sense given the fact that Plaintiff was approved for the PTO days, as described herein.

41.     In addition to Plaintiff's disability and retaliation suffered thereafter, Plaintiff also avers that Defendant discriminated against him because of his race.

42.     Plaintiff is Black/African-American.

43.     On numerous occasions, Plaintiff observed unfair and differential treatment by Defendant between himself and other, non-Black/African-American employees.

44.     By way of example, Defendant allowed and set-up non-Black/African-American employees to take job specific tests in which Plaintiff was not.

5

45.    By way of example, Plaintiff was finally allegedly permitted to take his OSHA 30 test on the day of his workplace injury.

46.    Following Plaintiff's workplace injury, Defendant never allowed Plaintiff to take this test, blankly refusing the same.

47.    In light of the foregoing, it is believed and therefore averred that Defendant ultimately terminated Plaintiff's employment on account of his actual and/or perceived disability, for his record of impairment, because Defendant regarded him as being disabled, and in retaliation for Plaintiff's requests for a reasonable accommodation in connection thereto, in violation of the ADA and PHRA.

48.    In light of the foregoing, it is believed and therefore averred that Defendant ultimately terminated Plaintiff's employment because of his race, in violation of Title VII and the PHRA.

49.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION AND RETALIATION**

50.    Paragraphs 1 through 49 are hereby incorporated by reference as though the same were fully set forth at length herein.

51. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

52. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

53. Plaintiff's disabilities substantially limit his ability to engage in one or more major life activities.

54. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

55. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

56. Defendant did not engage in an interactive process with Plaintiff to determine a reasonable accommodation.

57. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff from employment because of his actual and/or perceived disabilities, for her past record of impairment, because Defendant regarded him as being disabled, and in retaliation for her requests for a reasonable accommodation in connection thereto.

58. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000e, *et seq*.
### RACE DISCRIMINATION and RETALIATION

59.    Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60.    Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

61.    Plaintiff is an African-American and as such is a member of a class protected under Title VII from unlawful discrimination because of race.

8

62.    Plaintiff was subjected to discrimination, as described at length above, on the basis of his race.

63.    Plaintiff was terminated on the basis of his race.

64.    Defendant's conduct as alleged herein constitutes unlawful discrimination because of race in violation of Title VII.

65.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00).

B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

**COUNT III**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**DISCRIMINATION and RETALIATION**

9

66.     Paragraphs 1 through 65 are hereby incorporated by reference as though the same were fully set forth at length herein.

67.     Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, which substantially limits Plaintiff's ability to perform one or more major life activities.

68.     Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

69.     It is believed and therefore averred that Defendant terminated Plaintiff from employment because of his actual and/or perceived disabilities, for his past record of impairment, because Defendant regarded him as being disabled, and in retaliation for her requests for a reasonable accommodation in connection thereto.

70.     Plaintiff is an African-American and as such is a member of a class protected under PHRA from unlawful discrimination because of race.

71.     Plaintiff was subjected to discrimination, as described at length above, on the basis of his race.

72.     Plaintiff was terminated on the basis of his race and in a clear act of retaliation for his reports of race discrimination.

73.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

74.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances.

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _/s/ Andrew J. Schreiber_
Andrew J. Schreiber, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210

11

aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: August 10, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

13